UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**EEOC and JOSEPH F HOLLIS,**

    **Plaintiffs,**

v.                                                  Case No: 5:22-cv-435-JSM-PRL

**J.A. CROSON, LLC.,**

    **Defendant.**

_____

## ORDER

This matter is before the Court on Plaintiff EEOC's motion to compel Defendant J.A. Croson, LLC to produce all Electronically Stored Information ("ESI") that is responsive to the EEOC's First Request for Production of Documents. (Doc. 22).

The Request for Production was initially served on December 16, 2022, and included fifty-six search terms and five individuals as custodians whose records should be searched.[1] The EEOC later added an additional seven custodians. Because the requested fifty-six search terms and twelve custodians would generate an "extraordinarily voluminous amount of documents," many of which were irrelevant, the parties worked together to arrive at reasonable search terms. However, even after revisions, the most current search terms have still yielded more than 59,000 documents. Given the large number of documents, all of which defense counsel must first review, the production has been delayed.

---

[1] Defendant contracted with Everlaw, an eDiscovery software program providing an eDiscovery platform to assist with extraction and production of eDiscovery.

On August 29, 2023, defense counsel advised counsel for the EEOC that they "anticipated" having the documents reviewed and produced to the EEOC within four weeks. Frustrated by the repeated delays and lack of certainty, the EEOC opted to file the instant motion asking the Court to order Defendant to produce all ESI within three weeks (September 20, 2023). Now, in its response, Defendant represents that on September 11, 2023, it produced 2,652 documents (15,824 pages) responsive to the ESI discovery requests and that it "anticipates" its review and production of the remaining ESI will require at least four to six weeks to complete.

As an initial matter, the Court appreciates the parties' efforts to work together to refine the search terms in a cooperative, professional effort. Given the voluminous number of documents generated, it is reasonable that the production has been delayed and the timeline has been uncertain. However, the EEOC is entitled to production of these documents—documents which they requested nine months ago. Because discovery does not cut off until March 15, 2024, the Court can give Defendant some additional time to produce these documents.

Accordingly, Plaintiff's motion (Doc. 22) is **GRANTED** to the extent that Defendant shall serve all ESI responsive to the EEOC's First Request for Production of Documents by **October 12, 2023**. If, at that point, the parties have ongoing ESI discovery issues, they should file an appropriate motion and the Court will set the matter for a hearing.

Because this delay in production of documents could impact Plaintiffs' expert disclosure (which is currently October 12, 2023), the Court will extend the disclosure deadlines as follows:

Plaintiffs' Expert Disclosure:	November 13, 2023

- 3 -

Defendant's Expert Disclosure:    December 11, 2023

**DONE** and **ORDERED** in Ocala, Florida on September 15, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties