## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                               **Plaintiff,**

ERNEST HANKERSON, CYRUS
HAWTHORNE, AND JOSEPH F.
HOLLIS

                              **Intervenor-Plaintiffs,**

        **v.**

J.A. CROSON LLC.

                                  **Defendant.**

Case No. 5:22-CV-00435-MMH-PRL

_____/

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between the United States Equal Employment Opportunity Commission (the "Commission" or the "EEOC"), and J.A. Croson LLC ("J.A. Croson" or "Defendant") (hereinafter the EEOC and Defendant collectively referred to as "the Parties").

## INTRODUCTION

1.    The EEOC initiated this action on September 30, 2022, alleging Defendant violated Title VII of the Civil Rights Act of 1964 by subjecting Black

1

and Hispanic employees to a hostile work environment on the basis of race and

national origin, *and retaliating against certain employees who complained about this conduct.* (MmH)

2.      The agreement to enter into this Decree shall not be construed as

an admission of liability by Defendant as to any allegations by the EEOC.  J.A.

Croson denies the allegations in this lawsuit and specifically denies it violated

Title VII.  It is J.A. Croson's position that settlements are favored over

continued, costly, and uncertain litigation.

3.      In the interest of resolving this matter, and to avoid the cost of

litigation, and as a result of having engaged in comprehensive settlement

negotiations, the Parties have agreed that this action should be finally resolved

by entry of this Decree.  This Decree is final and binding on the Parties, and

their respective successors and assigns.

4.      No waiver, modification, or amendment of any provision of this

Decree will be effective unless made in writing signed by an authorized

representative of each of the Parties and authorized by the Court.  With Court

approval and  mutual agreement of the Parties, this Decree may be amended

or modified in the interests of justice and fairness in order to effectuate the

provisions of this Decree.

5.      This Decree fully and finally resolves the claims asserted by the

Commission in the Complaint filed in this action styled *EEOC v. J.A. Croson,*

*LLC*, Case No. 5:22-cv-00435 (M.D. Fla.), and the underlying EEOC charges of discrimination, Charge Nos. 510-2021-01551 and 510-2021-01955.

6.     This Decree constitutes the complete understanding between the Parties with respect to the matters herein.

7.     If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

8.     This Decree does not resolve any charges of discrimination that may be pending with the Commission against the Defendant. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later be filed against the Defendant in accordance with standard EEOC procedures.

9.     Nothing in this Decree shall be construed to limit or reduce the Defendant's obligations to comply with the statutes enforced by the EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), the Genetic

Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000f, *2000ff et seq.* and

the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. §§ 2000gg *et seq.*



## FINDINGS

10.    Having carefully examined the terms and provisions of this

Decree, and based on the pleadings, record, and stipulations of the Parties, the

Court finds the following:

i.    This Court has jurisdiction over the subject matter of this

action and the Parties;

ii.    The Court will retain jurisdiction for the duration of this

Decree;

iii.    No party shall contest the jurisdiction of this Court to

enforce this Decree and its terms or the right of the

Commission to bring an enforcement suit upon alleged

breach of any term(s) of this Decree;

iv.    The terms of this Decree are adequate, fair, reasonable,

equitable, and just.  The rights of the class and the public

interest are adequately protected by this Decree; and

v.    The terms of this Decree are and shall be binding upon the

present and future representatives, agents, directors,

officers, successors and assigns of Defendant.

4

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## DURATION OF DECREE

11.    All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years after the Decree is entered by the Court (the "Effective Date"), provided, however, that if, at the end of the three (3) year period, any disputes regarding compliance remain unresolved, the term of the Decree shall be automatically extended (and the Court will be authorized to retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

12.    This Decree will not expire while any enforcement action concerning this Decree is pending.

## GENERAL INJUNCTIVE PROVISIONS

13.    Any of Defendant's officers, agents, servants, and employees who receive actual notice of this Consent Decree shall not subject employees who work in J.A. Croson's Florida locations to racial or ethnic slurs referring to their race (Black) or national origin (Hispanic), or intentionally make job assignments on the basis of race (Black) or national origin (Hispanic).

14.    Any of Defendant's officers, agents, servants, and employees who receive actual notice of this Consent Decree, shall not issue unwarranted disciplinary actions, _against_ assign disproportionate or less desirable work (MMH)

5

assignment, or terminate Ernest Hankerson, Cyrus Hawthorne, Joseph F. Hollis, or any and all Potential Class Members as defined in paragraph 19, for objecting to the enjoined conduct described in paragraph 13, participating in this lawsuit, or asserting their rights under this Decree. This provision applies exclusively to J.A. Croson's Florida locations.

## MONETARY RELIEF

15.   Within thirty (30) days following the Court's approval of this Decree (the "Effective Date"), Defendant shall pay Mr. Hankerson, Mr. Hawthorne, and Mr. Hollis the total sum of Eight Hundred Fifty Thousand Dollars and Zero Cents ($850,000.00), inclusive of back pay and compensatory damages.

16.   Defendant will make all applicable withholdings from the back pay portions of this settlement (hereinafter referred to as "Back Pay Amount(s)") for federal, state, and local income taxes, and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act ("FICA"). Defendant will be responsible for paying the employer's share of any costs, taxes, or Social Security required by law to be paid. Defendant will issue W-2 statements for the Back Pay Amounts and will issue withholding statements detailing all legal withholdings made at the time the checks are issued. Form 1099s will be issued for any monies paid that do not constitute backpay.  Separate checks

will be issued for backpay, 1099 income and attorney's fees to be determined at a later time. Defendant will send all checks and documents referenced in this paragraph to Gary A. Costales PA, Law Office of Gary A. Costales PA, 1533 Sunset Dr Ste 150 Coral Gables, FL 33143-5700 for distribution to Ernest Hankerson, Cyrus Hawthorne, and Joseph F. Hollis.

17.    Copies of the payments shall be sent contemporaneously to the attention of EEOC Regional Attorney Kristen Foslid and Trial Attorney Melissa Castillo at mdoconsentdecreecompliance@eeoc.gov and melissa.castillo@eeoc.gov.

18.    If the payments are not made in a timely manner as described above, then Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of the EEOC's efforts to enforce this decree in federal court.

## CLASS DAMAGES AND CLAIMS ADMINISTRATOR

19.    Class Definitions. "Potential Class Members" consist of all Black and/or Hispanic Plumbers and Plumber's Helpers who worked at J.A. Croson's Florida locations at any time from June 23, 2020, to the effective date of this Consent Decree. "Eligible Class Members" are Black and/or Hispanic Plumbers

and Plumber's Helpers who worked at J.A. Croson's Florida locations at any time from June 23, 2020, to the effective date of this Consent Decree and whom MMH the EEOC determines were subjected to a hostile work environment based on their race and/or national origin. Ernest Hankerson, Cyrus Hawthorne, and Joseph F. Hollis shall not be considered Potential Class Members or Eligible Class Members. Furthermore, Ernest Hankerson, Cyrus Hawthorne, and Joseph F. Hollis are not eligible to receive any portion of the settlement funds described in paragraph 21.

20.    Within fifteen (15) days of the Effective Date, Defendant shall engage a claims administrator ("Claims Administrator") approved by the EEOC, and the Claims Administrator will commence its duties in accordance with this Decree and instructions from the EEOC.

21.    Within thirty (30) days of the Effective Date, Defendant shall pay Seven Hundred Fifty Thousand Dollars and Zero Cents ($750,000.00) into an interest-bearing, qualified settlement fund under §486(b) of the Internal Revenue Code (the "Qualified Settlement Fund") established by the Claims Administrator.

22.    The Claims Administrator shall provide the following services pursuant to this Decree, consistent with instructions from the EEOC:

    i.    create and manage the Qualified Settlement Fund;

8

ii.   issue payment to Eligible Class Members from the Qualified Settlement Fund as directed by the EEOC;

iii.   make periodic reports of activities to the EEOC;

iv.   confer with the EEOC regarding administrative matters;

v.   calculate, withhold, report, and remit any and all required federal, state, and local tax withholdings, and timely issue the appropriate tax related documents (including but not limited to tax returns required to be filed by the Qualified Settlement Fund and 1099 forms for all payments from the Qualified Settlement Fund); and

vi.   perform such other administrative tasks as it and the EEOC may deem necessary to facilitate the claims administration process.

23.   The Claims Administrator shall notify the EEOC once Defendant's payment is complete.

24.   The purpose of the Qualified Settlement Fund is to provide payments for alleged compensatory damages to Eligible Class Members.

25.   The Claims Administrator will provide Defendant with all information required by Defendant for tax purposes in a timely manner. The

Claims Administrator shall be responsible for issuing appropriate tax forms to the Eligible Class Members as applicable.

26.     All costs and expenses relating to the claims administration process shall be paid by Defendant separate and apart from the Qualified Settlement Fund. The Claims Administrator shall bill Defendant on an as-incurred and monthly basis. The costs and expenses for the Claims Administrator shall not exceed $30,000.

27.     If Defendant fails to tender the payment described in paragraph 21, then Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of the EEOC's efforts to enforce this decree in federal court.

28.     In the event that checks are returned and/or the Qualified Settlement Fund is not completely distributed to Eligible Class Members for other reasons, the EEOC shall direct the Claims Administrator to allocate the remaining funds to the Eligible Class Members on a *pro rata* basis as additional compensatory damages.

**CLAIMS ADMINISTRATION**

10

29.     The EEOC shall attempt to contact all Potential Class Members by telephone and/or text message. If a Potential Class Member does not respond to telephone or text, the EEOC shall attempt to contact him or her by sending them a written notice via U.S. postal service advising them of their rights under this Decree.   The EEOC's attempts to contact Potential Class Members shall be completed within ninety (90) days of the Effective Date.

30.     The Potential Class Member shall then have fifteen (15) days from the date of mailing of the notice described in paragraph 29 or ninety (90) days from the Effective Date of the Consent Decree, whichever is later, to contact the EEOC. The mailed, written notice shall advise the Potential Class Member of ~~this fifteen-day~~ the applicable deadline.   mmH

31.     The EEOC will make all reasonable efforts to limit communications with Potential Class Members to information necessary to determine whether the Potential Class Member is an Eligible Class Member and what amount of relief, if any, is due to them.

32.     The EEOC shall determine whether a Potential Class Member was subjected to a hostile work environment based on race (Black) or national origin (Hispanic) during the relevant time period and is, therefore, an Eligible Class Member. The EEOC will, in its sole discretion, make a determination as to who is an Eligible Class Member.   In making this determination, the EEOC

may consider its interview of the Potential Class Member and/or documents or other evidence provided by the Potential Class Member.

33.   The EEOC shall then determine the amount of the monetary compensation award to be received by any Eligible Class Member under this Decree, subject to Court approval. In determining the amount of the monetary compensation award to be paid to each Eligible Class Member, the EEOC shall consider (1) the severity of the alleged harassment on the basis of race and/or national origin, (2) the duration for which each class member endured the alleged harassment, (3) whether the Potential Class Member heard or witnessed racial or ethnic slurs or inappropriate language relating to race (Black) or national origin (Hispanic), and (4) the alleged emotional harm suffered by each Potential Class Member.

34.   The EEOC shall notify all Potential Class Members of the EEOC's determination as to whether they are Eligible Class Members in writing. The EEOC will notify each Eligible Class Member in writing of the amount of his or her proposed monetary compensation award, if any, and of the anticipated date on which the EEOC plans to seek approval of the allocation of the settlement funds. Furthermore, the EEOC will advise each Eligible Class Member, in writing, of the following rights and obligations under the Consent Decree: (1) the right to object to the amount of his or her monetary award and

the [means and] prescribed deadline for doing so, which is fifteen (15) days, as described in paragraph 36; (2) the right to refuse to participate in this lawsuit as an Eligible Class Member; (3) the right to refuse to complete the Release, as referenced in paragraph 35, noting that the refusal to execute a Release will forfeit his or her right to participate in this lawsuit as an Eligible Class Member; (4) the right to independently file a charge of discrimination with the EEOC against J.A. Croson for alleged acts of discrimination occurring within the last 300 days, should the Eligible Class Member choose not to participate in the EEOC's lawsuit; (5) the obligation to submit a Release to the EEOC within the prescribed deadline, which is fifteen (15) days, as described in paragraph 35, [and the means for doing so,] should the Eligible Class Member decide to participate in the EEOC's lawsuit; and (6) the obligation to deposit the check for the monetary award within the prescribed deadline, which is ninety (90) days, as described in paragraph 40, noting that the Eligible Class Member may forfeit his or her award by failing to do so. The written notification shall be sent by U.S. postal service within fourteen (14) days of the conclusion of the ninety (90) period described in paragraph 29. The written notification of compensation shall indicate that the [or the fifteen-day response period set forth in paragraph 30, whichever is later.] monetary compensation award is subject to review by the Court only.

35.    Each Eligible Class Member will receive a Release (attached as Exhibit 1) and will be notified that in order to receive monetary compensation

award payments under this Decree, he or she must execute and deliver to the EEOC a release in the form attached as Exhibit 1 within fifteen (15) days of the mailing date of the EEOC's written notice of monetary compensation award. The Release will become effective upon the entry of a Court Order approving the allocation of settlement funds. The EEOC or Claims Administrator will provide a copy of each Release to Defendant.

36.   *An* Eligible Class Member must make any objections to the amount of MMH his or her monetary compensation award, in writing, within fifteen (15) days of the mailing date of the EEOC's written notice of monetary compensation award. Objections must be submitted to EEOC Regional Attorney Kristen Foslid and Trial Attorney Melissa Castillo at mdoconsentdecreecompliance@eeoc.gov and melissa.castillo@eeoc.gov. Objections received after the fifteen (15) day period will be deemed untimely. Only Eligible Class Members have the right to make objections to the EEOC regarding the amount of his or her monetary compensation. Potential Class Members do not have the right to object to the EEOC's determination that they are not Eligible Class Members.

37.   Claims may also be made on behalf of deceased Potential Class Members through representatives of their estate or next of kin if documentation is provided demonstrating heirship or estate. Such

14

documentation may include a letter from the estate administrator, a death certificate of the Potential Class Member, a document showing the relationship between the Potential Class Member and next of kin, and/or a sworn affidavit. The EEOC will have the final authority to determine the validity of claims filed on behalf of deceased Potential Class Members.

38.    Prior to having the Claims Administrator distribute money from the Qualified Settlement Fund, the EEOC shall file a motion with the district court seeking approval of the allocation of money. The motion shall include (1) a proposed distribution list containing the initials and proposed settlement amount for each Eligible Class Member; (2) a copy of any timely objections; and (3) a copy of any untimely objections. The EEOC shall file the motion seeking approval of the allocation of money within thirty (30) days of issuing its written notices of monetary compensation award to Eligible Class Members, as referenced in paragraph 34.

39.    The EEOC will provide Defendant with the distribution list ten (10) days prior to the filing of the motion seeking approval of the allocation of money. Defendant agrees they will not object to the distribution list.

40.    Within thirty (30) days of the Court's ruling on the EEOC's motion seeking approval of the allocation of money, the Claims Administrator shall issue and mail any check(s) consistent with Court's ruling. Eligible Class

Members must deposit their respective checks within ninety (90) days of the check issue date.

## TAX TREATMENT OF SETTLEMENT AMOUNT

41.     The EEOC's reporting requirements under IRC Sections 162(f) and 6050X. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

42.     Defendant's EIN number is: 20-0751984.

43.     The individual(s) to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is/are: Robert Neville, Director of Human Resources.

44.     No Representations or Reliance. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code

will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

## REVIEW OF EEO POLICIES

45.    Within sixty (60) days of the Effective Date, Defendant shall review and, if necessary, revise their existing equal employment opportunity ("EEO") policies and procedures and internal complaint procedures for complaints of discrimination, harassment, and retaliation for complaining about, reporting or otherwise opposing such discrimination.

46.    Defendant's policies shall, at a minimum:

  i.    Clearly define "prohibited conduct" and specifically prohibit race and/or national origin-based harassment, discrimination, and/or retaliation.

  ii.   Prohibit harassing conduct at all locations and state that harassing conduct will not be tolerated from its employees; customers; and contractors.

  iii.  Explicitly prohibit use of the n-word at all locations, including in the field.

iv.   Provide examples of "prohibited conduct" including, but not limited, to the following:

Verbal: Jokes, insults, innuendoes, epithets, and slurs making reference to race and/or national origin.

Non-Verbal: The display of any image in the workplace making derogatory refence to race and/or national origin.

v.   Designate an Employee Relations Hotline as the confidential workplace hotline which employees may use to submit complaints of discrimination, harassment, and/or retaliation.

vi.   State that complaints of race and/or national origin-based harassment, discrimination, and/or retaliation may be made to the complainant's manager or a higher-level management official, Director of Human Resources, or through the Employee Relations Hotline;

vii.   Expressly provide that a report need not be made to the alleged harasser or discriminating official;

viii.   Require managers, including foremen, to promptly escalate all verbal and written complaints of prohibited harassment they receive and/or witness to the Director of Human Resources, or the Employee Relations Hotline for investigation. Defendant

shall warn managers that a failure to promptly escalate such complaints may result in discipline up to and including termination;

ix. Assure that if an allegation of retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including termination;

x. Affirmatively prohibit any and all retaliation against employees for making complaints of violations of Title VII in the workplace, regardless of the outcome of the employees' complaints.

47. The internal complaint procedure shall, at a minimum, clearly state that:

i. The investigator(s), as described in paragraph 61, will interview the complainant and witnesses privately, outside the presence of the accused;

ii. Field employees, including foremen and field or project managers, will not be designated as investigator(s) for discrimination, harassment, or retaliation complaints;

iii. Investigators will report directly to both the CEO and the Director of Human Resources of J.A. Croson.

iv.  J.A. Croson will commence, within seven (7) business days, a thorough investigation that shall be conducted by the investigator(s) and will make reasonable efforts to complete the investigation within thirty (30) business days, absent extenuating circumstances;

v.  The investigator(s) will interview all appropriate relevant and available witnesses, including the complainant, and review all appropriate relevant and available documents;

vi.  The investigator(s) will maintain and keep notes of their investigations, including their interviews.

vii.  J.A. Croson will communicate with the complainant in writing regarding the status of the complaint, investigation and any final determination within five (5) business days after the conclusion of the investigation, absent extenuating circumstances;

viii.  J.A. Croson will memorialize verbal complaints made to the Employee Relations Hotline, and maintain written records of all investigatory steps, including interview notes, findings or conclusions of the investigation and any remedial actions taken;

ix.   The investigator(s) will follow up with the complainant within five (5) business days after resolution of the complaint and again within thirty (30) business days after resolution of the complaint to inquire whether the complainant believes that he or she has been subjected to further harassment, discrimination or retaliation, absent extenuating circumstances.

x.   During the investigation, the complainant shall not be required to confront his or her harasser;

xi.   Approximately thirty (30) and ninety (90) days following an investigation, the investigator and/or a J.A. Croson Human Resources representative will follow up with the complainant to ensure that retaliation is not occurring.

48.   Within ninety (90) days of the Effective Date of this Decree, Defendant shall provide the EEOC with a copy of the policies and procedures described in paragraphs 46 and 47, including the revised internal complaint procedures. Upon receipt, the EEOC shall have fifteen (15) days to review and/or comment on the policies and procedures. The EEOC will review the policy only for compliance with this Section, and can provide comment or request revision due to non-compliance.

49.   To the extent that Defendant's policies were revised as a result of this Section, Defendant shall distribute the revised policies and procedures described in this Section to its employees who are working or have worked at Florida locations, including hourly, management, supervisory, and human resources employees, within thirty (30) days after the EEOC's review of the policies.

50.   New employees will receive a copy of the policies and procedures described in this Section within five (5) days of commencing their employment.

## TRAINING

51.   **Management Training**. All of Defendant's Human Resources, management, and supervisory employees who work at J.A. Croson's Florida locations, including foremen, shall be required to attend a live, in-person or virtual, harassment training program annually during the duration of this Decree. If the training is virtual, participants will be required to keep their cameras turned on. Management Training will be conducted by a third-party entity subject to approval by the EEOC.

52.   The Management Training program shall include at least one and a half (1.5) hours of training on how to recognize discrimination/harassment, training on how to take preventive and corrective measures against discrimination/harassment, responsibilities of managers under equal

employment opportunity laws and J.A. Croson's policies, training on how to properly handle and investigate complaints of discrimination and/or harassment in a neutral manner, and how to prevent retaliation. Management Training will focus on preventing discrimination and harassment on the basis of race and/or national origin in the workplace.

53.   At least fourteen (14) days prior to J.A. Croson's commencing Management Training, J.A. Croson will provide the following to the EEOC for review and comment: (a) a detailed agenda with proposed training materials, (b) curriculum vitae for the individual(s) who will conduct the training, and (c) a plan to ensure that all employees receive the required training.

54.   The first Management Training must be concluded within one hundred twenty (120) days of the Effective Date of this Decree.

55.   Beginning one hundred twenty (120) days after the Effective Date of the Decree, Jason Mathis shall receive one-on-one, anti-harassment training. Training shall be live, in person, and last at least one and a half (1.5) hours. The training shall include what constitutes harassment on the basis of race and national origin under Title VII and the consequences for engaging in harassment. During the training, Jason Mathis shall be informed that if he is found to have engaged in race or national origin harassment following an internal investigation, he will be disciplined accordingly including and up to

23

termination. The one-on-one training will be conducted by a third-party entity, subject to approval by the EEOC.

56.    **Non-Management Training**. Beginning one hundred twenty (120) days after the Effective Date of the Decree, all non-supervisory employees who work at J.A. Croson's Florida locations shall be required to view online or a pre-recorded video of harassment training.

57.    Defendant shall ensure that the training is developed and administered by instructors with expertise in anti-harassment and anti-discrimination matters.

58.    The interactive harassment training shall be created by a third-party entity subject to approval by the EEOC.

59.    The training shall be at least one (1) hour in length and shall include:

    i.    instruction on equal employment opportunity rights and responsibilities, including, but not limited to, Title VII's prohibitions against race and national origin-based harassment or retaliation;

    ii.    Defendant's policies and procedures for reporting and handling complaints of race and national origin-based harassment or retaliation, including how to report harassment to and what to

expect after reporting harassment; and "bystander intervention training," (i.e. instruction that will emphasize that a co-worker who observes workplace harassment should report it to management).

60.   The training shall be interactive to the extent trainees will be required to answer questions and receive a passing score about the topics and scenarios presented through the training.

61.   **Investigator Designation and Training**. Beginning sixty (60) days after the Effective Date of the Decree, J.A. Croson will designate the Director of Human Resources and other Human Resources personnel, who are based out of Defendant's Sorrento, Florida headquarters, as investigator(s) responsible for implementing the injunctive relief described in this Consent Decree including enforcing Defendant's discrimination, harassment, retaliation, and internal complaint procedure policies; taking and investigating employee complaints of race and/or national origin-based harassment, discrimination, and/or retaliation, as outlined in paragraphs 46 and 47; and assisting in the preparation of reporting mandated by this Consent Decree. Beginning ninety (90) days after the Effective Date of the Decree, these investigators shall receive one-on-one training on what constitutes harassment

under Title VII and the new policies and procedures in place as outlined in paragraphs 46 and 47.

62. **General Provisions Applicable to All Training**. All newly hired employees—both management and non-management—within Florida shall be required to view the online or a pre-recorded video of harassment training (i.e., the recorded training video that is mandatory for current Non-Management Employees) within seven (7) days of their hire.

63. Defendant shall give the EEOC three (3) weeks' notice of all annual training to occur under paragraph 51. The EEOC may attend any live training to occur under this Decree.

64. All employees attending any training session described in the above paragraphs will print and sign their full names on an attendance sheet. Within seven (7) days of the completion of any training described in the preceding paragraphs, J.A. Croson will provide the EEOC with copies of all attendance sheets and a then-current employee list.

## ASSIGNMENT OF PLUMBING WORK

65. Within ninety (90) days of the Effective Date, Defendant shall provide each Plumber and Plumber's Helper in Florida with an anonymous electronic employee survey aimed at determining whether employees believe that work assignments are being fairly distributed, and/or whether race and/or

national origin plays a role in work assignments. Employees shall not be asked their work location in the survey in order to maintain anonymity.

66.    Within one hundred and twenty (120) days of the Effective Date, Defendant shall review the results of the Survey and conduct an audit of work assignments to determine whether race and/or national origin plays a role in the assignment of work to Plumbers and Plumber's Helpers. The audit  shall include, among other steps, random site visits to the field, and random interviews of Plumbers and Plumber Helpers, including Black and Hispanic Plumbers and Plumber's Helpers.   Thereafter, Defendant shall conduct the audit annually and without advance notice to supervisors, for a total of three audits.

67.    Within one hundred and eighty days (180) of the Effective Date, Defendant shall report to the EEOC the results of the Employee Survey and the Audit. To the extent that the Employee Survey or Audit suggest that race and/or national origin play a role in assignments, Defendant shall implement corrective measures within thirty (30) days and shall further report on the same to the EEOC.   Steps Defendant may take include the following: (1) implementing an assignment rotation system; (2) appointment of an assignment coordinator to oversee equity in work assignments; or (3) some other assignment system where, over a period of time, all Plumbers and

Plumber' Helpers are provided equal opportunities in work assignments. Thereafter, Defendant shall report on the results of the Audit and Survey as set forth in this paragraph and the Reporting Provisions of this Decree.

68.     Within thirty (30) days of the Effective Date, Defendant shall revise its internal performance evaluations such that foremen and other managers and supervisors are evaluated on whether they assign work without regard to race and/or national origin.

## PLUMBER'S APPRENTICE PROGRAM

69.     J.A. Croson will not base decisions on whether or not to accept applicants for J.A. Croson's apprenticeship tuition-reimbursement program on race (Black) or national origin (Hispanic). Further, J.A. Croson will permit Black and/or Hispanic employees sufficient hours of plumbing experience to complete their apprenticeship programs on time.    This provision applies exclusively to J.A. Croson's Florida locations.

70.     To that end, within ten (10) days of the Effective Date of this Decree, J.A. Croson will communicate to all managers and supervisors in Florida the importance of: responding promptly to employees who would like to enroll in an apprenticeship program or J.A. Croson's tuition reimbursement program, or have questions about the tuition reimbursement program, and the

importance of providing employees with sufficient plumbing hours to complete their programs.

71.   Within thirty (30) days of the Effective Date of this Decree, J.A. Croson will designate a Human Resources professional to help handle any complaints with regard to accessing J.A. Croson's tuition reimbursement program and help handle any complaints with regard to having sufficient plumbing hours to complete the program. This provision applies exclusively to J.A. Croson's Florida locations.

## NOTICE

72.   Within ten (10) days after the Effective Date, Defendant shall post a laminated copy of the Notice attached as Exhibit 2 in all of their Florida locations. The Notices shall each be posted in a conspicuous location easily accessible to and commonly frequented by Defendant's employees. The Notice shall remain posted for the duration of the Decree, and Defendant shall take reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Defendant shall certify to the EEOC in writing within fifteen (15) business days after entry of this Decree that the Notices have been properly posted.

73.    J.A. Croson will distribute copies of paragraphs 13, 14, and 69 of this Consent Decree to all company owners, and management employees who are at the division manager level or higher in the management hierarchy.

## REPORTING

74.    On March 15 and September 15, annually, Defendant shall provide the EEOC with written reports that shall contain:

  a. A certification that Defendant has completed all trainings required by the Decree;

  b. A certification that the Notices remained posted for the entire period as required by the Decree;

  c. A certification that any complaints of race and/or national origin-based harassment made by Defendant's Florida employees within the prior six (6) months were promptly addressed and investigated, and/or that there were no complaints of any such harassment.

  d. J.A. Croson shall send to the EEOC any written complaints sent to the designated Human Resources professional as described in paragraph 61 and J.A. Croson's response to these complaints for the purpose of enabling the EEOC to monitor compliance with the Consent Decree. J.A. Croson shall also include the names of the

employees who submitted the complaints, their contact information, and specify the employee's race and national origin.

e. J.A. Croson shall provide the EEOC with the results of any Audits and Surveys required by this Consent Decree, along with a Report of any corrective measures taken.

## DISPUTE RESOLUTION

75.     In the event that a party to this Decree believes that the other party has failed to comply with any provision of this Decree, the complaining party shall notify the other party of the alleged non-compliance within fifteen (15) business days of the discovery of the alleged non-compliance and shall afford the alleged non-complying party fifteen (15) business days to remedy the alleged non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.   Defendant's point of contact for any concerns of non-compliance is Robert Neville at rneville@jacroson.com and 352-729-7130.

76.     If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) business days, the complaining party may apply to the Court for relief.

## NOTIFICATION TO SUCCESSORS

77.     Defendant shall provide prior written notice to any successor of the EEOC's lawsuit, allegations raised in the EEOC's complaint, and the existence and contents of this Decree.

## CONTACT FOR REPORTING REQUIREMENT

78.     All reports, notices and other documents required hereunder to be delivered to the EEOC shall be sent to Regional Attorney Kristen Foslid, Re: J.A. Croson Consent Decree, Equal Employment Opportunity Commission, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and mdoconsentdecreecompliance@eeoc.gov.

## COSTS

79.  · Each party to this Decree shall bear its own expenses, attorney fees, and costs associated with this litigation and the Consent Decree.

## NO CONDITIONS ON RECEIPT OF RELIEF

80.    Defendant will not condition Mr. Hankerson's, Mr. Hawthorne's, and/or Mr. Hollis's receipt of individual relief on their agreement to: (a) maintain as confidential the terms of this Consent Decree or the facts of the case; (b) waive their statutory right to file any future charge with any federal or state anti-discrimination agency that is unrelated to this litigation; or (c) promise not to reapply in the future for a position, directly or indirectly, with Defendant.

SO ORDERED, ADJUDGED AND DECREED, this 26ᵗʰ day of August 2024.

_Marcia Morales Howard_
JUDGE MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY

COMMISSION:

By: _Kristen Foslid_____     Date: 07/02/24 _____
        Kristen Foslid, Esq.

Regional Attorney for U.S. Equal Employment Opportunity Commission
Florida Bar No. 688681
Miami District Office
Miami Tower, 100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: (305) 808-1789
Fax: (305) 808-1835
E-Mail: kristen.foslid@eeoc.gov

AGREED TO:

FOR DEFENDANT, J.A. CROSON, LLC

By: _____     Date: _7/1/2024_

_Robert Neville_____
Print Name

_Director of Human Resources_
Title

**EXHIBIT 1**
**RELEASE AND WAIVER**

IN CONSIDERATION OF SETTLEMENT FUNDS RECEIVED, under that certain Consent Decree dated _____, in connection with the resolution of <u>EEOC, et al. v. J.A. Croson, LLC</u>, Case No. 5:22-CV-00435-MMH-PRL (M.D. Fla.), I hereby provide the following release/waiver of claims against J.A. Croson:

I hereby knowingly, voluntarily, irrevocably, and unconditionally waive and release all claims, actions, damages of any sort, costs, expenses and attorneys' fees, and liabilities of any nature whatsoever for race/national origin-based discrimination or harassment arising under Title VII of the Civil Rights Act of 1964 or Title I of the Civil Rights Act of 1911, arising out of conduct described in the Complaint filed by the EEOC if such conduct occurred between June 2020 to the Effective Date of the Consent Decree.


Date: _____

Full Name: _____
[Claimant Name Printed]

Mailing Address: _____

_____

_____

35

Social Security Number: _____

Signature: _____



**EXHIBIT 2**
## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

1.   This <u>NOTICE</u> to all employees of J.A. Croson is being posted and provided as part of a mutually agreed upon Consent Decree between J.A. Croson and the U.S. Equal Employment Opportunity Commission ("EEOC") as a result of a Civil Action which alleged that J.A. Croson subjected Black and Hispanic employees to racial and national origin harassment. While J.A. Croson denies these allegations, as part of the resolution of this matter, J.A. Croson has agreed to post this Notice to reflect its commitment to a workplace free of harassment.

2.   J.A. Croson reaffirms that Title VII protects individuals from employment discrimination, including harassment, because of their race or national origin. Additionally, Title VII protects employees from discrimination for making charges, testifying, assisting, or participating in enforcement proceedings. J.A. Croson has never and will never condone employment discrimination of any kind as set forth in federal anti-discrimination laws.  It is the policy of J.A. Croson to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, disability, or other protected characteristic. J.A. Croson does not tolerate intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA); Genetic Information Nondiscrimination Act of 2008 (GINA); the Equal Pay Act (EPA) of 1963; the Americans with Disabilities Act (ADA), as amended; or the Pregnant Workers Fairness Act of 2023 (PWFA).

3.   If you feel you have been treated unfairly in any way based on your race or national origin, please contact Robert Neville at rneville@jacroson.com or phone at 352-729-7130.

4.   The EEOC is the federal agency responsible for enforcing the federal laws described above and receiving complaints regarding their violation. EEOC maintains offices throughout the United States, and can be contacted at 1-800-669-4000 and www.eeoc.gov.

5.   This <u>NOTICE</u> will remain posted for 3 YEARS FROM DATE OF SIGNATURE.

SIGNED this _____ day of _____, 2024.

_____

**_DO NOT REMOVE THIS NOTICE UNTIL 3 YEARS FROM DATE OF SIGNATURE_**